UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ROBERT SMITH )<br>***************************** )<br>ROBERT SMITH, )<br>)<br>    Petitioner )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent ) | Criminal No. 3:04cr0030(1) AS<br><br><br><br><br><br>Civil No. 3:05cv0295 AS |

*MEMORANDUM OPINION AND ORDER*

This Court takes full judicial notice of the record in this case including the imposition of sentence which was for 70 months imprisonment followed by four years supervised release with a special assessment fee imposed. Before the court is a motion to vacate under 28 U.S.C. §2255 filed pro se by the defendant-petitioner, Robert Smith.

It is to be noted that the sentencing in this case occurred on October 21, 2004 before the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). The proceedings on the plea were under oath and indeed there was a waiver of the right to file petitions under 28 U.S.C. §2255 which was quite specific. *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005) expressly provides that the Supreme Court's *Booker* decision was not retroactive. Most recently, the Court of Appeals has held as enforceable the knowingly

and voluntarily entered waiver with reference to §2255.  *See United States v. Gibson*, 356 F.3d 761 (7th Cir. 2004).  This pro se petitioner-defendant has not here claimed ineffective assistance of counsel in negotiating the plea agreement.

After careful consideration, and understanding the status of pro se litigants in the federal courts under *Haines v. Kerner*, 404 U.S. 519 (1972), this court is constrained to **DENY** this pro se petition for relief under 28 U.S.C. §2255, and such is now **ORDERED**.

**DATED: July 5, 2005**

                                                s/ ALLEN SHARP
                                    **ALLEN SHARP, JUDGE**
                                    **UNITED STATES DISTRICT COURT**